**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **HERBERT HARRIS,** ) | |
|        **Plaintiff,** ) | |
| **vs.** ) | **No. 3:11-CV-3141-O-BH** |
| ) | |
| **HSBC BANK,** ) | |
|        **Defendant.** ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

Plaintiff filed this action against the defendant on November 15, 2011, and moved to proceed *in forma pauperis* (IFP). Because his application to proceed *in forma pauperis* (IFP) was blank and unsigned, the Court issued a notice of deficiency and an order notifying him that he did not provide enough information to determine whether IFP status was appropriate on November 15, 2011. (doc. 7). The order enclosed a new IFP application and specifically warned Plaintiff that failure to timely submit the application to proceed IFP within 30 days could result in dismissal of the case for failure to prosecute. *Id.* More than thirty days have passed, but Plaintiff has not filed an application to proceed IFP or anything else in this case.

**II. INVOLUNTARY DISMISSAL**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid

congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). By order dated November 15, 2011, Plaintiff was given thirty days to submit a properly completed and signed application to proceed IFP, and he was specifically warned that failure to do so could result in dismissal of this action. Because he failed to follow a court order or otherwise show that he intends to proceed with his case, Plaintiff's case should be dismissed under Rule 41(b) for failure to prosecute or follow orders of the court.

### III.  RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court.

**SIGNED this 30th day of December, 2011.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE